**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| TONY M. YOUNGBLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:07-CV-0079 PS |
| | ) | |
| WILLIAM WILSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Tony Youngblood, a prisoner confined at the Westville Correctional Facility ("WCF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that WCF officials were deliberately indifferent to his safety and failed to protect him from being attacked and injured by another inmate. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is

>entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

According to the complaint, after Mr. Youngblood arrived at the WCF, Correctional Officers Reed, Dystra, Rundy, and Risner confiscated money from him on more than one occasion without giving him a confiscation slip. On November 9, 2006, Mr. Youngblood told Officers Risner and Dystra that Vice Lord gang members were threatening his life and property. Mr. Youngblood alleges that later he received threatening messages from inmates in P-2 dorm. According to Mr. Youngblood, Officers Dystra, Reed, and Risner had told the inmates who were threatening him "that the plaintiff was a snitch and needed to be dealt with." (Complaint at p. 3.)

Mr. Youngblood requested protective custody and was placed in a protective custody unit. On December 21, 2006, WCF officials removed him from the protective custody unit and returned him to P-2 dorm. Mr. Youngblood states that he told Correctional Sergeants Thompson and Berry "that he could not go to P-2 dorm because his life would be in danger." (Complaint at p. 3.)  However, Youngblood claims that they would not listen to him and returned him to the dorm despite his protest. "Within 15 minutes" after he was returned to P-2 dorm, Mr. Youngblood "was attacked and suffered serious injury to his right hand." (Complaint at p. 3.)

Mr. Youngblood alleges that the defendants were deliberately indifferent to his safety and security in violation of the Eighth Amendment.  A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, the injury must be sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, the prison official's actual state of mind must be one of

"deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). Because deliberate indifference is comparable to criminal recklessness, *Farmer v. Brennan*, 511 U.S. at 837, a plaintiff must demonstrate more than inadvertence or negligence. *Billman v. Indiana Department of Correction*, 56 F.3d 785 (7th Cir. 1995). He must show "something approaching a total unconcern for [his] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992), *citing McGill v. Duckworth*, 944 F.2d 344 (7th Cir. 1991). The defendant must have known of and disregarded an "excessive risk" to the inmate's health or safety. *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), *quoting Farmer v. Brennan*, 511 U.S. at 837-838.

Fed. R. Civ. P. 8 establishes a system of notice pleading. *Erickson v. Pardus*, __ S.Ct. __, 2007 WL 1582936 (U.S. 2007). The goal is to put the defendants on notice of what they are alleged to have done. *Id*. We must give Mr. Youngblood the benefit of the inferences to which he is entitled at the pleading stage. In this case, by alleging that they were deliberately indifferent to his safety and by setting out some facts to support that, Youngblood has adequately pled an Eighth Amendment claim against defendants Dystra, Reed, J. Thompson, E. Berry, and Risner. *Id.*

Mr. Youngblood also names WCF Superintendent William Wilson as a defendant. In his complaint, Mr. Youngblood seeks only damages. Section 1983 creates a cause of action for damages based on personal liability. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Thus, a plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a

3

causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Mr. Youngblood does not mention Superintendent Wilson in the body of his complaint, and his complaint does not suggest that the Superintendent had any knowledge of or involvement in the events that led to his injury.

Mr. Youngblood also names Correctional Officer Rundy as a defendant. He alleges that Officer Rundy was one of the officers who took large sums of money off him when he first came to the facility without giving him a confiscation slip. However, Mr. Youngblood does not assert that Officer Rundy was one of the officers who told other inmates that he was snitch, that he was one of the officers Mr. Youngblood told that his life and property were being threatened by the Vice Lords, or that he was one of the officers who placed him in P-2 Dorm over his objections on December 21, 2006.  Accordingly, it does not appear that Officer Rundy was indifferent to Mr. Youngblood's safety or security.

For the foregoing reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Dystra, Reed, J. Thompson, E. Berry, and Risner for damages in their personal capacities on his Eighth Amendment claim that they were deliberately indifferent to his safety;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** defendant Superintendent William Wilson and Correctional Officer Rundy;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants  Dystra, Reed, Thompson, Berry, and Risner  respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Dystra, Reed, J. Thompson, E. Berry, and Risner on the plaintiff's behalf, and DIRECTS the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED.**

**ENTERED: June 7, 2007**

<u>s/ Philip P. Simon</u>
Philip P. Simon, Judge
United States District Court