**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| TONY YOUNGBLOOD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Cause No. 3:07-CV-0079 PS |
| ) | |
| WILLIAM WILSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the court on plaintiff Tony Youngblood's Motion for a Preliminary Injunction, in which he asks the court to order Indiana Department of Correction officials to transfer him to another facility. A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. 7 Pt. 2 *Moore's Federal Practice and Procedure* § 65.04 (1); *see Texas v. Camenisch*, 451 U.S. 390, 395 (1981) ("The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); *E.E.O.C. v. City of Janesville,* 630 F.2d 1254, 1259 (7th Cir. 1980) ("The purpose of a preliminary injunction is to preserve the object of controversy in its then existing condition, i.e., preserve the *status quo.*"). A party seeking a preliminary injunction must, as a threshold matter, demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will suffer irreparable harm if the injunction is not issued. *Vencor, Inc. v. Webb,* 33 F.3d 840, 845 (7th Cir. 1994); *Storck USA, L.P. v. Farley Candy Co.,* 14 F.3d 311, 313-14 (7th Cir. 1994); *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* Provided these criteria are satisfied, "the court must then balance the irreparable harm caused to the non-moving party if relief is granted against the irreparable harm to the moving party if relief is

denied, and consider the harm caused to the public by granting or denying preliminary relief." *Vencor, Inc. v. Webb,* 33 F.3d at 845; *Abbott Laboratories v. Mead Johnson & Co.,* 971 F.2d at 12-13; *Kellas v. Lane,* 923 F.2d 492, 493-94 (7th Cir. 1990).

Youngblood states that he is in danger of being attacked by other inmates at the Westville Correctional Facility, and asks the court to order Indiana Department of Correction officials to transfer him to another facility.[1]  A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. But the plaintiff's complaint does not request injunctive relief; the complaint seeks only damages, and the screening order allowed the plaintiff to proceed against the defendants only "for damages in their personal capacities on his Eighth Amendment claim that they were deliberately indifferent to his safety." (DE 5 at p. 4). Injunctive relief would be directed against state officials in their official capacity, not their individual capacities. A preliminary injunction is designed to preserve the *status quo* in a case against possible changes. Youngblood, however, does not seek to maintain the status quo; he seeks to have the court disrupt the *status quo*.

Finally, federal courts must accord wide-ranging deference to correctional professionals in the adoption and execution of policies for the operation of penal institutions. *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986), *quoting Bell v. Wolfish*, 441 U.S. 520, 547 (1979). The federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." *Rhodes v. Chapman*, 452 U.S. 337, 349 n. 14 (1981); *Bell v. Wolfish*, 411 U.S. at 547. Federal courts do not interfere with matters of prison management, such as which facility a particular prisoner is housed, without a showing that a particular situation violates the Constitution. *Mendoza v. Miller*, 779 F. 2d 1287, 1292 (7th Cir.),

---

[1]  The defendants remaining in this case are correctional officers who lack the authority to transfer an inmate from one facility to another. Accordingly, the court would have to direct any order to transfer the plaintiff to another facility to nondefendant Indiana Department of Correction officials.

*cert. denied*, 476 U.S. 1142 (1986). The plaintiff has not established that his continued confinement at the Westville Correctional Facilty violates the Constitution or provided justification for this court taking the extraordinary step of requiring the plaintiff's nondefendant custodians to house him in one facility rather than another. The order the plaintiff seeks would be contrary to the deference this court is to provide to correctional officials in the adoption and execution of policies for the operation of penal institutions. *Whitley v. Albers*, 475 U.S. at 321-22..

For the forgoing reasons, the court **DENIES** the plaintiff's motion for a preliminary injunction [DE #21].

**SO ORDERED**.

ENTERED: January 24, 2008

 /s Philip P. Simon
Philip P. Simon, Judge
United States District Court